**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| REYES LARA, #818396, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-4277-N-BK |
| | § | |
| RICK THALER,  Director, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under

28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the habeas petition be

summarily dismissed as barred by the one-year statute of limitations.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

A jury convicted Petitioner of aggravated robbery (two cases) and aggravated assault in

connection with a car jacking, and assessed punishment at 99 years' imprisonment and a $10,000

fine for each aggravated robbery, and 20 years' imprisonment and a $10,000 fine for the

aggravated assault.  *State v. Lara*, Nos. F96-77470, F96-77505, F96-77506 (Criminal District

Court No. 2, Dallas County, Dec. 3, 1997), *aff'd*, Nos. 05-97-02167-CR;  05-97-02168-CR;

05-97-02169-CR (Tex. App. -- Dallas, Mar. 18, 1999, no pet.) (unpublished).  Subsequently, the

Texas Court of Criminal Appeals rejected Petitioner's state habeas applications.  *See Ex parte*

*Lara*, Nos. WR-54,612-01,WR-54,612-02, WR-54,612-03 (Tex. Crim. App. Jan, 15, 2003)

(denying relief); *Ex parte Lara*, Nos. WR-54,612-05, WR-54,612-06, WR-54,612-07 (Tex. Crim.

App. Sep. 19, 2012) (dismissing as successive).[1]  Thereafter, on October 23, 2012, Petitioner

---

[1] The dates listed were verified through information available on state court Internet web
pages (Dallas County, Fifth District Court of Appeals, and Texas Court of Criminal Appeals).

filed the federal petition presently at issue.  (Doc. 3).  He later responded regarding the statute of limitations and equitable tolling.  (Doc. 8).

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).  The one-year period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1)(A).  Sections 2244(d)(1)(B) through (D) are inapplicable here as there appears to be no allegation of a state-created impediment that prevented timely filing of the claims; Petitioner does not appear to base his claims on any new constitutional right and the facts supporting the grounds for relief should have been known prior to the date on which Petitioner's convictions became final.

<u>Date Conviction Became Final and Statutory Tolling</u>

Because Petitioner did not file petitions for discretionary review, his convictions became final on April 19, 1999, thirty days after the judgments were affirmed.  *See* Tex. R. App. P. 68.2(a); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012).  Thus, the one-year limitations period began running the next day, April 20, 1999, and expired one year later on April 19, 2000.  Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he did not file his state applications until long after the one-year period had expired.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (statutory tolling unavailable if state habeas application is filed after one-year period has expired).  Accordingly, this federal petition, deemed

filed as of October 18, 2012, is clearly outside the one-year statute of limitations absent equitable tolling.[2]

Equitable Tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the entire one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his convictions became final, Petitioner waited more than three years before he filed his first set of state habeas applications. His lack of diligence did not end there. Following the denial of the state applications, Petitioner delayed an additional nine and one-half years before filing the successive

---

[2] In light of Petitioner's *pro se* status and the "mailbox rule," *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system), the Court liberally construes this federal petition filed on October 18, 2012, when Petitioner signed the same and obtained a CTA, which he mailed along with his petition and request for leave to proceed *in forma pauperis*. ( Doc. 3, 4).

state applications.  After the dismissal of those actions, he waited an additional 29 days before

submitting the instant federal petition.  Petitioner's extended periods of inactivity clearly indicate

lack of due diligence.  *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (delay of four

months between denial of state application and filing of federal petition precluded finding of due

diligence); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (six-month delay precluded

due-diligence finding).

      In addition, absent an "extraordinary circumstance" that prevented timely filing,

Petitioner is not entitled to equitable tolling.  *Holland*, 130 S. Ct. at 2562.  In an effort to explain

the reason for the lengthy delays in his case, Petitioner contends: (1) his trial counsel was

ineffective, (2) he lacks education and is "ignorant to the laws," and (3) he was under mental

health supervision for long periods of his incarceration due to "problems coping with [his]

situation in prison."  (Doc. 8 at 1).  None of those proffered excuses warrants equitable tolling,

however.

      Petitioner asserts, "[i]t would be a great fundamental miscarriage of justice to let my

current sentence stand, where I was not afforded effective assistance of counsel in my

punishment phase, the most critical part of my trial."  (Doc. 8 at 1; *see also* Doc. 5 at 3).  He also

claims he was denied a fair and impartial trial as a result of the misleading advice of his attorney.

(Doc. 8 at 1).  Ineffective assistance of defense counsel, however, has no bearing on equitable

tolling because it occurred at trial long before the date on which Petitioner's conviction became

final.

      Moreover, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as

a basis for equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)

("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Likewise Petitioner's difficulty in "coping with [his] situation in prison," which allegedly required him to be under "mental health supervision for long periods of time," does not warrant equitable tolling. (Doc. 8 at 1). While mental illness may support equitable tolling of the limitations period, *see Fisher*, 174 F.3d at 715, it does not do so as a matter of course and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 Fed. Appx. 375, 378 (5th Cir. 2008) (unpublished *per curiam*). Unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling. *Id*. Moreover, the mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period. *Id*.; *see also Hulsey v. Thaler*, 421 Fed. Appx. 386, 391 (5th Cir. 2011) (unpublished *per curiam*), *cert. denied*, 132 S. Ct. 1923 (2012) (affirming district court's refusal to equitably toll limitations period based on petitioner's mental condition, where petitioner was stable and capable of filing his petition for a period of time that lasted over one year).

Here, as in *Smith*, Petitioner has submitted nothing to demonstrate that during the one-year limitations period, from April 1999 to April 2000, he suffered from a mental illness that prevented him from pursing his legal rights. Given the opportunity to submit evidence to support his equitable tolling argument, Petitioner provided his mental health records since 2006. (Doc. 10). Apparently, while Petitioner requested his mental health records for the period beginning in

1998, only records postdating 2005 were available.  *Id.* at 58.

According to the records he did submit, Petitioner was treated for depression/depressive disorder during his incarceration.  (Doc 10 at 20, 54).  Petitioner reported during an October 2006 clinical interview that he had a history of depression treated with counseling and/or medication. Even assuming that Petitioner was suffering from depression/depressive disorder during the period following the state appellate court's affirmation of his convictions, there is nothing in the record to suggest that his condition rendered him unable to pursue his legal rights, namely timely filing his section 2254 application.  *See Wilson v. Quarterman*, No. 3:08-CV-1339-M, 2008 WL 5350303, *3-4 (N.D.Tex. 2008) (accepting findings and recommendation) (declining to equitably toll limitations period because petitioner's vague, unsupported, self-serving allegations were insufficient to show that he was incompetent to pursue his legal rights during the one-year limitations period).

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See*

28 U.S.C. § 2244(d).

SIGNED April 22, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE